IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WALT GOODMAN FARMS, INC.,

    Plaintiff,

v.                                                    No. 1:22-cv-01004-JDB-jay

HOGAN FARMS, LLC,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSING CASE

---

*INTRODUCTION*

Pursuant to 28 U.S.C. § 1332, the Plaintiff, Walt Goodman Farms, Inc. ("Goodman Farms"), brought this action against Defendants, Hogan Farms, LLC ("Hogan Farms") and Charles Philip Higdon, alleging claims under state law. (Docket Entry ("D.E.") 1.) In an order entered May 19, 2023, the Court granted the joint motion of the Plaintiff and Higdon to voluntarily dismiss the claims against him in this matter.[1] (D.E. 44.) Before the Court is the motion of the remaining Defendant for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure (D.E. 46), to which Plaintiff has responded (D.E. 53), and the movant has replied (D.E. 56). The issues raised in the briefs are ripe for disposition.

---

[1]Accordingly, any subsequent reference herein to the parties or a defendant does not include Higdon.

## STANDARD OF REVIEW

Rule 56 provides that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Whether a fact is 'material' depends on whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021) (quoting *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019)), *reh'g en banc denied* (May 27, 2021). "A dispute of a material fact is genuine so long as 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *DayCab Co., Inc. v. Prairie Tech., LLC*, 67 F.4th 837, 846 (6th Cir. 2023) (quoting *Kirilenko-Ison v. Bd. of Educ.*, 974 F.3d 652, 660 (6th Cir. 2020)). At the summary judgment stage, "[t]he ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving part[y] should prevail as a matter of law." *Williams v. Maurer*, 9 F.4th 416, 430 (6th Cir. 2021) (quoting *Payne v. Novartis Pharm. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014)). "In considering a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party but may not weigh the evidence or make credibility determinations." *Lamb v. Kendrick*, 52 F.4th 286, 291-92 (6th Cir. 2022) (internal quotation marks omitted).

## UNDISPUTED MATERIAL FACTS

At the outset, the Court notes that Plaintiff's counsel has failed to adhere to the local rules of this district in filing her responses to Defendant's statement of undisputed facts. LR 56.1 requires that such responses be made "on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant" and that "a response to each fact set forth by the movant [be] immediately below each fact set forth by the movant." LR 56.1(b).

Thus, simply setting out Plaintiff's responses to Defendant's statement of facts amounts to a violation of the local rule. Counsel is admonished that future failures to comply with court rules may result in her filings being stricken from the docket. The Court now turns to the undisputed material facts.

On April 3, 2001, the parties entered into a written rental contract and lease agreement for farmland (the "Kentucky Agreement") under which Goodman Farms, whose principal shareholder is Walter Goodman, rented from Hogan Farms approximately 267 acres in Fulton County, Kentucky. The Kentucky Agreement stated in pertinent part that the acreage was to be used "for a farming operation for a term of the life of Walter Goodman commencing as of [April 3, 2001,] and ending on the year following the date of death of Walter Goodman[.]" (D.E. 24-1 at PageID 146.) Defendant and its predecessors in ownership had rented several farms to Plaintiff and its principals over the years on verbal arrangements, including land located in Obion County, Tennessee (the "Murphy Farms").

In 2017, the parties entered into a written contract (the "Memorandum") regarding the installation of two irrigation units on the Murphy Farms. The Memorandum placed two-thirds payment responsibility for the units on Goodman Farms and one-third payment responsibility on Defendant commensurate with the parties' crop share-rent agreement. A seven-year amortization schedule was attached to the Memorandum. Paragraph five of the Memorandum stated: "Should Goodman Farms cease to farm [the Murphy Farms] before all payments are made, they will no longer be obligated to make the remaining payments." (D.E. 24-2 at PageID 150.)

Hogan Farms informed Plaintiff by letter dated May 27, 2021, that it would "no longer allow Goodman Farms to farm any of its farm land after the end of this crop year 2021." (D.E. 24-3 at PageID 154.) In its operative pleading, Goodman Farms seeks reimbursement of the four

3

payments it made to Defendant for its part of the cost of the irrigation units, totaling $125,419.17, plus related expenses amounting to $125,000.00.

## *ARGUMENTS OF THE PARTIES AND ANALYSIS*

The parties appear to agree that Tennessee law applies. Thus, the Court will look to the law of Tennessee in resolving the issues at bar.

Plaintiff has alleged that Hogan Farms was unjustly enriched by virtue of Goodman Farms' payments on the irrigation units. Specifically, it avers that the parties verbally agreed that the terms of the Kentucky Agreement also applied to Goodman Farms' lease of the Murphy Farms, including that portion of the instrument identifying the term thereof as extending until Mr. Goodman's death. In reliance on its belief that the terms of the Kentucky Agreement governed the parties' relationship with respect to the Murphy Farms, Plaintiff agreed to--and did--make a substantial investment in the irrigation units, only to have Defendant terminate the lease four years into the seven-year loan commitment.[2]

In seeking summary disposition of this matter, Defendant argues that Goodman Farms has failed to establish a claim for equitable relief. The Court agrees. Under Tennessee law, a party claiming unjust enrichment must show: (1) "a benefit conferred upon the defendant by the plaintiff," (2) "appreciation by the defendant of such benefit," and (3) "acceptance of such benefit under such circumstances that it would be inequitable for [it] to retain the benefit without payment of the value thereof." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966)). While Goodman

---

[2]Plaintiff has not alleged a breach of contract claim as to any of the instruments referenced herein.

4

Farms is likely correct that Defendant reaped some benefit from being spared the entire expense of the irrigation units, a claim for unjust enrichment does not appear to be the proper vehicle through which to obtain redress.

Unjust enrichment is a quasi-contractual concept that may be imposed by a court *where no legal contract exists on the subject matter at issue. Id.* at 524-25; *see Old Hickory Coaches, LLC v. Star Coach Rentals, Inc.*, 652 S.W.3d 802, 817-18 (Tenn. Ct. App. 2021) (where there is an enforceable contract on the subject matter, the "issue o[f] unjust enrichment and quasi-contractual damages is pretermitted"), *appeal denied* (Apr. 13, 2022); *see also McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 469, 487 (6th Cir. 2014) ("Because unjust enrichment is a quasi-contractual remedy, . . . a plaintiff cannot recover for unjust enrichment when an express contract governs the subject matter of the litigation," applying Ohio law).  Here, it is undisputed that the issue of payment for the irrigation units is the subject of a written contract--the Memorandum.  Although a court may impose a quasi-contractual obligation even where a contract exists if that contract is invalid or unenforceable, *Old Hickory Coaches*, 652 S.W.3d at 821-22, Goodman Farms has not shown, or alleged for that matter, that the Memorandum is invalid or unenforceable.  Equitable considerations are not appropriate where there is a valid, enforceable contract because "[t]he rights of the parties are to be determined from the contracts into which they entered and the consequences of those contracts and not from some generalized concepts of equity."  *Bowers v. Estate of Mounger*, No. E2020-01011-COA-R3-CV, 2021 WL 2156929, at *11 (Tenn. Ct. App. May 27, 2021).

Plaintiff also maintains in its responsive brief that the Memorandum's language stating that "[s]hould Goodman Farms cease to farm [the Murphy Farms]" is ambiguous and open to interpretation.  Even if true, the Court is unpersuaded that any ambiguity contained in the Memorandum renders Hogan Farms liable under an unjust enrichment theory.  Plaintiff has

5

pointed the Court to no caselaw so finding, and the Court's own research suggests otherwise. *See, e.g., JAZME, LLC v. Wendt Corp.*, 809 F. Supp. 2d 957, 968-69 (D. Minn. 2011) ("where the issues involve ambiguities in a contract the parties both acknowledge is otherwise valid, the doctrine of unjust enrichment is inapplicable"); *In re Phillip Watts Enter., Inc.*, 186 B.R. 735, 739-40 (N.D. Fla. 1995) (even if contract term was ambiguous, "Florida courts have consistently held that the law will not imply a contract where a valid written contract exists dealing with the same subject"). Because it is undisputed that a written contract exists on the subject of the payment for the irrigation units, Plaintiff's unjust enrichment claim cannot stand.

## *CONCLUSION*

For the reasons set forth herein, the motion for summary judgment is GRANTED. The Clerk is DIRECTED to enter judgment for the Defendant. The Clerk is further DIRECTED to remove all settings and deadlines in this matter from the Court's calendar.

IT IS SO ORDERED this 18th day of September 2023.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE